JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **SHARYL G. BLOOM,** | ) Case No.: CV 20-00202-CJC )  )  ) |
| Appellant, | )  ) |
| v. | )  ) |
| **ROYAL EQUITY LENDING, LLC,** | ) **ORDER DISMISSING APPEAL FOR LACK OF PROSECUTION** )  ) |
| Appellee. | )  )  )  ) |

**I.  INTRODUCTION AND BACKGROUND**

Appellant Sharyl G. Bloom filed this bankruptcy appeal on January 3, 2020.  (Dkt. 1.)  Her opening brief was initially due on March 7, 2020.  (Dkt. 6.)  On March 6, 2020, Appellant filed a motion for extension, explaining that she needed an additional thirty days to retain counsel.  (Dkt. 8.)  The Court granted the motion and gave her until April 6, 2020 to file the opening brief.  (Dkt. 9.)  On April 7, 2020, Appellant filed a second

-1-

motion for extension.  (Dkt. 11.)  That motion sought another extension to file an opening brief so that Appellant could secure counsel.  (*Id.*)  The Court reluctantly granted Appellant's motion and gave her until May 19, 2020 to either retain counsel or file her opening brief.  (Dkt. 12.)  That deadline has now come and gone, and once again, Appellant has filed nothing.  Accordingly, this appeal is **DISMISSED** with prejudice for failure to prosecute.

## II. DISCUSSION

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Having weighed these factors, the Court finds that on balance, they favor dismissal.

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999).  And "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642.  Appellant filed her notice of appeal nearly six months ago but has not yet filed an opening brief despite the Court granting her two extensions.  This delay has frustrated the  Court's ability manage its docket and secure the just, speedy, and inexpensive resolution of this proceeding.

Turning to the remaining factors, there is a rebuttable presumption of prejudice to defendants when a plaintiff delays prosecution of an action. *See In re Eisen,* 31 F.3d 1447, 1452–53 (9th Cir. 1994). The public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Though the Court has considered the availability of less drastic alternatives, it finds that such alternatives are not appropriate here in light of the remaining four factors.

## III.  CONCLUSION

For the foregoing reasons, this action is **DISMISSED** with prejudice for lack of prosecution.

DATED:    May 22, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE